**XIANMING CHEN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–77394.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed April 18, 2007.

Xianming Chen, Flushing, NY, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Michael P. Lindemann, Esq., Ethan B. Kanter, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: O'SCANNLAIN, CLIFTON and BEA, Circuit Judges.

MEMORANDUM **

Xianming Chen, a native and citizen of China, petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision, adopting and affirming an Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

We review the IJ's decision for substantial evidence, *Abebe v. Gonzales,* 432 F.3d 1037, 1039–40 (9th Cir.2005) (en banc), and we deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination because the IJ relied on inconsistencies between Chen's testimony and declaration that go to the heart of Chen's asylum claim, including inconsistencies regarding whether Chen and his wife were terminated as a result of his Falun Gong activities. *See*

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001).

Because Chen did not establish that he was eligible for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

Because Chen's CAT claim is based on the same testimony that the IJ found not credible, and he points to no other evidence that the IJ should have considered in making the CAT determination, the CAT claim also fails. *See Farah v. Ashcroft,* 348 F.3d 1153, 1157 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.